[No. 6253. Decided December 13, 1906.]

THE STATE OF WASHINGTON, on the Relation of J. B. Lippincott, Respondent, v. THE CITY OF SPOKANE et al., Appellants.[1]

ATTORNEY AND CLIENT—COMPROMISE OF SUIT—STIPULATION—AUTHORITY OF ATTORNEY—RATIFICATION—ESTOPPEL BY ACCEPTING BENEFITS. By accepting the benefits of a stipulation made by its attorney in compromising a suit to foreclose sewer and grade assessments, a city is estopped to question the authority of the attorney, or the va-

[1]Reported in 87 Pac. 944.

lidity of the judgment confessed, by reason of the fact that the settlement and judgment included the discharge of taxes and assessments not involved in the pending action.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered February 27, 1906, granting a writ of mandate to compel the cancellation of city tax liens and assessments, upon sustaining a demurrer to an affirmative defense in mandamus.  Affirmed.

*J. M. Geraghty* and *Alex. M. Winston*, for appellants.

*P. F. Quinn*, for respondent.

RUDKIN, J.—This was an application for a writ of mandamus against the city of Spokane and its treasurer.  The facts upon which the application was based are as follows: For some time prior to the 23d day of January, 1903, the relator was the owner of lot 1 of block 32 of Railroad Addition to the city of Spokane.  The city claimed liens against the property for delinquent taxes for the year 1892, for the Howard street sewer improvement and for the Second street sewer and grade improvement, the validity of which was denied by the relator.  On the above date an action was commenced in the superior court of Spokane county by the city of Spokane, against the relator, and others, to foreclose the lien of the Second street sewer and grade assessment. On the 18th day of June, 1904, a compromise was arranged through the attorneys representing the city and the relator, whereby it was agreed that, upon the payment of the sum of $173.79 into court by the relator, the pending action should be dismissed, and that said sum should be received by the city in full payment and satisfaction of all liens and assessments against the property, and a written stipulation was prepared in conformity with this agreement.  On the same date an order was entered by the court, reciting the stipulation and the payment of the $173.79 pursuant to its terms,

and directing the city to cancel upon its records all taxes and assessments against the property. The city of Spokane and its treasurer have refused to cancel the taxes and assessments as directed by the court. The answer admits all the allegations of the petition, except the averment that the taxes and assessment were invalid, and alleges affirmatively that the corporation counsel of the city had no authority to enter into the stipulation or to confess the judgment as rendered. The court sustained a demurrer to this affirmative defense, and the defendants declining to plead further, a peremptory writ of mandate was directed to issue as prayed. From this order the defendants have appealed.

The appellants contend, first, that the court was without jurisdiction to cancel taxes or assessments not involved in the action in which the foregoing stipulation was filed; and second, that the corporation counsel had no authority to enter into the stipulation or to confess the judgment, in so far as taxes and assessments not involved in the pending action were concerned. We do not think that these defenses are available to the appellants at this time. The appellants cannot claim under the judgment and in opposition to the judgment. They cannot accept the fruits of the stipulation and, at the same time, deny the authority of the officer who entered into the stipulation. As soon as the city discovered that its corporation counsel had compromised the taxes, entered into the stipulation, and confessed a judgment partly in its favor and partly against its interest, two courses were open to it. It might refund the money paid and move against the judgment, or it might ratify and confirm what had been done. It could not ratify in part and reject in part; and having received the money paid under the stipulation and judgment, it is bound by its election, and will not now be heard to question either the authority of its officer or the validity of the judgment under which the money was paid and received.

There is no error in the record and the judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, DUNBAR, and CROW, JJ., concur.